**Vladimir DEREVIANKO, Appellant,**

v.

**John ASHCROFT, Attorney General of the United States; James Ziglar, Commissioner of the Immigration and Naturalization Service; Andrea Quarantillo, New Jersey District Director Immigration and Naturalization Service; Immigration and Naturalization Service; United States Department of Justice.**

**No. 02–1307.**

United States Court of Appeals, Third Circuit.

Argued June 2, 2003.

Decided Aug. 29, 2003.

See also 55 Fed.Appx. 609.

Lawrence Spivak (argued), New York, NY, for Appellant.

Robert D. McCallum, Assistant Attorney General, Civil Division, Douglas E. Ginsburg, Senior Litigation Counsel, John M. McAdams, Jr. (argued), U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Appellant.

Before ALITO, ROTH, and STAPLETON, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

Vladimir Derevianko, a Ukranian national who was taken into INS custody on February 3, 1999, appeals the denial of his habeas petition. Derevianko contends that the District Court erred in holding that his detention did not violate *Zadvydas v. Davis*, 533 U.S. 678, 699–701, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), and that his right to due process did not entitle him to a bond hearing before an Immigration Judge ("IJ"). For the reasons given below, we dismiss Derevianko's appeal as moot.

On February 3, 1999, Derevianko was charged with removability for overstaying his nonimmigrant business visa,[1] in violation of Section 237(a)(1)(B) of the Immigration and Naturalization Act of 1952, as modified (the "INA"), 8 U.S.C. § 1227(a)(1)(B). On April 5, 2000, an IJ ordered Derevianko removed and denied his request for asylum. On November 20, 2000, the Board of Immigration Appeals ("BIA") affirmed the decision of the IJ. Upon Derevianko's appeal to this Court, we stayed his order of removal, and he remained in INS detention.[2] On Septem-

---

1. Derevianko's detention was prompted by the receipt in the United States, via INTERPOL, of an arrest warrant from the Ukrainian authorities. However, the criminal charges underlying the warrant were not the ground for his removal. In his asylum claim, Dere-

vianko contested the validity of this warrant. *Derevianko v. Reno*, 55 Fed.Appx. 609, 610–12 (3d Cir.2003).

2. Under Section 241(a) of the INA, 8 U.S.C. § 1231(a), detention is mandatory for 90 days

ber 29, 2001, Derevianko filed a habeas petition in the United States District Court for the District of New Jersey. On December 21, 2001, the District Court denied his petition. Derevianko then filed the present appeal.

On January 31, 2003, while Derevianko's appeal from the denial of his habeas petition was pending before this Court, we vacated the November 20, 2000, decision of the BIA and remanded for further consideration of his asylum claim. *Derevianko v. Reno,* 55 Fed.Appx. 609, 617 (3d Cir.2003). Accordingly, as of the date on which we lifted Derevianko's final order of removal, his detention was no longer governed by Section 241(a) of the INA, 8 U.S.C. § 1231(a). Because *Zadvydas* addresses the constitutionality of INS detention beyond the period authorized by Section 241(a), the standard for continued detention set forth in *Zadvydas* has no application to the present appeal. 533 U.S. at 699–701, 121 S.Ct. 2491. Furthermore, on April 14, 2003, Derevianko received a bond hearing before an IJ and was ordered released on condition that he submit a $10,000 bond.

Because Derevianko is no longer being held pursuant to a final order of removal, and because he was granted a bond hearing, his appeal from the denial of his habeas petition by the District Court is dismissed as moot.

following the final order of removal or "if the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order." *Id.*